UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JONATHAN M. GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN MUELLER, PENNINGTON COUNTY SHERIFF, individual and official capacity; PENNINGTON COUNTY, individual and official capacity,<br><br>Defendants. | 5:26-CV-05048-KES<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Jonathan M. Green, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Green also moves for leave to proceed in forma pauperis. Docket 2. The court screens Green's complaint under 28 U.S.C. § 1915A and issues the following order.

## I. Motion for Leave to Proceed in Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)[1]. The court, may, however,

[1] The court believes Green is still in custody at the Pennington County Jail because Green has not notified the court of a change in address. The court is unable to verify whether Green is still incarcerated at the Pennington County Jail because its current inmate list is unavailable due to a cybersecurity incident affecting Pennington County networks. *See Current Inmates*,

accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Because Green was only recently incarcerated at the Pennington County Jail at the time he filed his original motion for leave to proceed in forma pauperis, Green was not able to provide his average monthly deposits and average monthly balances for the past six months, required information in the prisoner trust account report. *See* Docket 3. The court therefore directed Green to submit an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs in lieu of a prisoner trust account report. *See* Docket 5. After reviewing Green's financial affidavit, Docket 6, the court finds that he has insufficient funds to pay the filing fee. Thus, Green's motion for leave to proceed in forma pauperis (Docket 2) is granted, and the court waives his

---

PENNINGTON COUNTY, https://pennco.org/law_public_safety/jail/current_inmates.php (last visited Oct. 8, 2026).

initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Green must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Green's institution. Green remains responsible for the entire $350 filing fee as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. 1915A Screening

### A. Factual Background

Green sues Pennington County Sheriff Brian Mueller and Pennington County in both their individual and official capacities. Docket 1 at 2. Green alleges defendants falsely imprisoned him, thus, violating his Fourth Amendment rights.[2] *Id.* at 3, 4. Green seeks monetary relief for his lost time,

---

[2] As the court understands Green's complaint, Green is alleging a violation of his Fourth Amendment right to be free from illegal search and seizure.

job, living conditions, and court fees. *Id.* at 5. Also, Green would like "justice for the officer[']s actions." *Id.*

Green claims he was "put . . . under arrest for violating [a] protection order." *Id.* at 3. Green alleges the police did not have a warrant and "wouldn't let [him] show proof" that the relevant no contact order was dismissed. *Id.* at 3-4. After arrest, Green claims he was falsely imprisoned "to get [him] to violate [his] probation." *Id.* at 4. As a result, Green lost his job and his freedom. *Id.* at 3.

**B. Legal Background**

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess Green's claims under 28 U.S.C. § 1915A.

### C. Legal Analysis

The Fourth Amendment requires an arrest to be supported by probable cause and protects against unreasonable seizures. U.S. Const. amend. IV; *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). A seizure of a person can take the form of a show of authority that in some way restrains the liberty of the person. *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (citation omitted). This plainly refers to an arrest. *Id.* at 312. "A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause[.]" *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011). But the United States

Supreme Court has held that the Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." *Payton v. New York*, 445 U.S. 573, 576 (1980).

### 1. Individual Capacity Claims

Green sues Sheriff Mueller in his individual capacity for detaining Green "to create [a] new charge." Docket 1 at 2. Green has not identified the precise constitutional violation, but the court interprets the complaint to allege a Fourth Amendment claim. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("[T]he district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[T]he plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citation omitted). Green's individual capacity claim must allege that Mueller either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Green is presumably claiming an improper seizure based on an alleged warrantless arrest due to violation of a protection order that Green claims was

dismissed. Docket 1 at 3-4. Green claims Sheriff Mueller was personally involved in detaining Green. *Id.* at 2. By claiming the arresting officer had no warrant to arrest Green in his home, the court cannot currently say that Green's Fourth Amendment claim against Sheriff Mueller is wholly without merit, thus this claim survives § 1915A review.

Green also sues Pennington County in its individual capacity. *Id.* at 2. But the county cannot be sued in its individual capacity because it is not an individual. Thus, Green's claims against Pennington County, in its individual capacity, do not survive § 1915A screening.

**2. Official Capacity Claims**

Green alleges claims for money damages against Pennington County Sheriff Mueller, in his official capacity, and Pennington County. Docket 1 at 2. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citation omitted). Thus, Green's claim against Mueller in his official capacity as the Pennington County Sheriff is equivalent to a claim against Pennington County and will be evaluated as such.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.' " *Marquez v. Peterson*, 5:24-CV-05041-KES, 2025 WL 815208, at

*4 (D.S.D. Mar. 13, 2025) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). The complaint must include some language that would support the existence of an unconstitutional policy. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Green's allegations in the complaint do not refer to a policy, custom, or practice that caused a Fourth Amendment violation. *See generally* Docket 1. Rather, the core of Green's false imprisonment allegation specifically pertains to his individual arrest for violating a protection order. *Id.* at 3. Because Green has not established a "persistent pattern of unconstitutional misconduct" by defendants or "a deliberate choice of guiding principle or procedure" that resulted in a constitutional violation, Green's claim against Pennington County, and Mueller in his official capacity, is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 651 (8th Cir. 2025) (citations omitted); *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016).

**III. Conclusion**

Thus, it is ORDERED:

1. That Green's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Green's institution.

3. That the institution having custody of Green is directed that whenever the amount in Green's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Green's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

4. That Green's claim against Sheriff Mueller in his individual capacity for money damages survives § 1915A screening.

5. That Green's claim against Pennington County in its individual capacity for money damages is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

6. That Green's claims against defendants in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

7. That the Clerk of Court shall send a blank summons form and Marshal Service Form (Form USM-285) to Green so that he may cause the complaint to be served upon Mueller.

8. That Green shall complete and send the Clerk of Court a summons and USM-285 form for defendant Mueller within 30 days of the date of this order. Failure to do so may result in the

dismissal of Green's complaint without prejudice for failure to prosecute.

9. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 1) and this order upon Mueller.

10. That Mueller will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

11. That Green will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated October 13, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE